IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKARD D. ANDERSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>U.S. DISTRICT COURT, et al.,<br><br>　　　　Respondents.<br>_____ | No. C 04-5170 SBA (pr)<br><br>**AMENDED<br>DISMISSAL ORDER**<br><br>(Docket nos. 1, 3, 4) |

　　　The Court's Order dated April 19, 2005 is hereby amended as follows:

　　　Petitioner Rickard D. Anderson filed the instant petition for a writ of habeas corpus on December 7, 2004. The Court notified Petitioner in writing that this action was deficient due to the failure to pay the requisite $5.00 filing fee or, instead, submit a signed and completed court-approved in forma pauperis (IFP) application, to include a signed certificate of funds and a prison trust account statement for the previous six months. Petitioner was advised that failure to pay the filing fee or file the requisite documents would result in dismissal of this action. In response, Petitioner filed two IFP applications (Docket nos. 3, 4); both applications failed, however, to include a signed certificate of funds or a copy of the prisoner's trust account statement for the last six months.

　　　Petitioner has named the undersigned judge as one of the respondents in this action. 28 U.S.C. § 455 requires a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. See 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. See United States v. Zagari, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976). In the instant case, Petitioner has not sought to have the undersigned judge disqualified from this action. Furthermore, there does not exist a good faith basis for seeking recusal or disqualification of the undersigned judge. See 28 U.S.C. §§ 144 and 455. The only contact Petitioner has had with the undersigned judge is through her written orders in his cases. Judicial rulings, however, almost never constitute a valid basis for a recusal motion. See

<u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  Recusal is required only if the alleged judicial bias or prejudice stems from an extrajudicial source, and not from conduct or rulings made during the course of the proceedings.  <u>See</u> <u>Toth v. TWA, Inc.</u>, 862 F.2d 1381, 1387-88 (9th Cir. 1988).  Absent any alleged judicial bias or prejudice stemming from an extrajudicial source, the fact that the undersigned judge is named as one of the respondents does not mandate recusal in the instant case.

Accordingly, the IFP applications are therefore DENIED and the action is DISMISSED without prejudice.  All pending motions are TERMINATED.  The Clerk of the Court shall close the file.

IT IS SO ORDERED AND ADJUDGED.

DATED: April 26, 2005

                                            s/Saundra Brown Armstrong
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge